### 20815. MEADOWS *v.* THE STATE.

DECIDED APRIL 15, 1931. REHEARING DENIED MAY 12, 1931.

*T. N. Brown, J. K. Jordan,* for plaintiff in error.
*R. H. Humphrey, solicitor,* contra.

PER CURIAM. C. W. Meadows was tried on September 25, 1929, for the offense of abandonment of his child, the accusation being filed September 17, 1929. The defendant, before arraignment and pleading, filed and tendered his special plea of autrefois acquit, which plea, upon motion of the State, was overruled. To this ruling the defendant filed exceptions pendente lite, and error is assigned on these exceptions. The jury found the defendant guilty, a new trial was applied for and denied, and to this ruling the defendant excepted.

The defendant's plea of autrefois acquit alleged that under an accusation filed February 25, 1928, for abandonment of the same child, he was acquitted, and that he "has at no time since his acquittal aforesaid lived with nor supported the said child." If the fact of the defendant's previous acquittal were disputed by the State, and if such acquittal would preclude his trial in the instant case, then the principal of res judicata would apply and it would

be necessary to submit the plea to a jury. But such was not the case. The State did not dispute the fact of the defendant's previous acquittal, and a reasonable construction of the entire record in the case shows what is equivalent to an admission by all parties concerned that the defendant was acquitted in February, 1928. But that acquittal is not an adjudication of the defendant's guilt or innocence under the present charge for acts committed since that date. Since the defendant admits in his plea that he has not lived with or supported his child for one year and seven months, and alleges that he was acquitted on February 25, 1928, and this fact is undisputed by the State, and the accusation in the present case alleges that the abandonment was since February 25, 1928, viz. on May 1, 1928, and the trial judge, in overruling the plea of autrefois acquit, restricted "the evidence in the present case to things occurring since February 25, 1928," nothing could be accomplished by submitting to the jury an issue not in dispute and not material, viz. whether the defendant was acquitted on February 25, 1928. The question of whether he can be tried for acts of abandonment committed since his acquittal is purely one of *law* and can not be determined by a jury. Even if the State disputed the acquittal of the defendant in February, 1928, and the question of that acquittal was submitted to a jury, and the jury determined that the defendant had been acquitted on February 25, 1928, such finding would not preclude the defendant's trial for abandonment since that time, and consequently would avail the defendant nothing; and the law will not do a useless thing. Had the defendant been *convicted* of abandonment in the first trial, it would have been necessary for him to return to the parental duty before he could abandon again. In the case of *Gay* v. *State, 105 Ga.* 599 (31 S. E. 569, 70 Am. St. R. 68), a plea of autrefois *convict* was sustained upon the ground that the accused had been previously *convicted* of abandonment and *punished* therefor. That case clearly shows that the ruling is based on the fact that one act of abandonment had been committed, and the court there said: "As, after a completed act of desertion, there can not be a *new* act of abandonment until a return to the discharge of the parental obligation, there can be no *new offense* of abandonment until such a return, followed by *another* act of desertion." A "new offense" and "another act" necessarily mean that there had been an old offense and a previous

act of abandonment; and in the case under consideration it had not been previously adjudicated that the defendant had ever deserted or abandoned his child, and an adjudication on the first trial that he had not abandoned it could not possibly be an adjudication that he never would abandon his child, or that he was free to abandon his child and yet be immune from trial therefor. To so hold would render void the statute on abandonment when applied to cases like the one now under consideration. Since an admission that the defendant had been acquitted on the former trial could have no legal bearing on the instant case, the trial judge properly overruled the plea of autrefois acquit, "restricting the evidence in the present case to things occurring since February 25, 1928," the date of his acquittal in the first trial.

■ No other assignment of error shows cause for a new trial. *Judgment affirmed. Broyles, C. J., and Luke, J., concur. Bloodworth, J., dissents.*